UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVADOR GONZALEZ-PEREZ, | Civil Action No. 18-9184(NLH) |
| Plaintiff, | |
| v. | OPINION |
| WARDEN ORTIZ, et al., | |
| Defendants. | |

APPEARANCES:

SALVADOR GONZALEZ-PEREZ
Fort Dix Federal Correctional Institution
East PO Box 2000
Fort Dix, NJ 08640
 Plaintiff, Pro Se

**Hillman, District Judge:**

Currently before the Court is the complaint and motion for a preliminary injunction of Plaintiff Salvador Gonzalez-Perez (ECF No. 1). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, as well as 42 U.S.C. § 1997(e), this Court is required to screen Plaintiff's complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, seeks damages from a party immune to suit, or was filed prior to the exhaustion of Plaintiff's administrative remedies. For the following reasons, this matter will be dismissed without prejudice as Plaintiff informs the Court that he has not yet exhausted his

1

administrative remedies. Plaintiff's motion seeking a preliminary injunction will be denied without prejudice.

**I. BACKGROUND**

Plaintiff, Salvador Gonzalez-Perez, is a citizen of Mexico who at the time he filed his complaint was housed at the Fort Dix correctional facility. (ECF No. 1 at 3-4). Plaintiff apparently suffers from numerous medical issues and asserts that he is unable to care for or take care of himself. (Id. at 11-12). Plaintiff apparently relies on his fellow inmates to take care of him, as he alleges that prison staff do not help him. (Id. at 10-13). Following numerous medical issues, Plaintiff filed a grievance seeking to challenge administratively the care he was receiving and the denial of his request for compassionate release based on his lack of a release plan and the fact that Plaintiff is subject to an immigration detainer. (Id. at 13). Following the filing of this grievance and an appeal of the denial of compassionate release, both of which apparently remained pending at the time Plaintiff filed this matter, Plaintiff asserts he was retaliated against – his medical records were apparently changed, his accommodations taken away, and his scheduled transfer to a medical facility was changed to a transfer to a non-medical facility. (Id. at 13-14). Plaintiff therefore states that he intends, at some point in the future, to file a civil rights complaint raising claims against

various BOP officials for denial of medical care, retaliation and other issues. (Id.).

Plaintiff has attached to his current filings a copy of the complaint he intends to file in the future (see Document 2 attached to ECF No. 1), but states that he is still in the process of exhausting his administrative remedies. (ECF No. 1 at 6, 9). Plaintiff thus admits he did not exhaust his available administrative remedies prior to filing this matter, but in any event seeks a preliminary injunction barring his transfer to a non-medical facility and related relief. (Id. at 9-24).

**II. DISCUSSION**

**A. Legal Standard**

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is on its face unexhausted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e. "The

3

legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

In his current filings, Plaintiff states that he wishes, in the future, to file a federal civil rights action, pursuant to, inter alia, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), challenging the conditions under which he is confined including his medical care

and prison official's retaliation against him for filing of a grievance. Plaintiff, however, readily admits that he had not yet exhausted all of his administrative remedies at the time he filed this matter.

Pursuant to 42 U.S.C. § 1997e, a plaintiff who is incarcerated in prison at the time he seeks to file a complaint is required to exhaust all available administrative remedies before he may file a federal civil rights suit challenging "prison conditions." Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). A prisoner is required to meet this exhaustion requirement before filing his complaint "even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." Id.; see also Booth v. Churner, 532 U.S. 731, 734 (2001). Where an administrative procedure is available, a plaintiff seeking to challenge prison conditions via a federal civil rights action must fully and properly exhaust his administrative remedies prior to filing suit, and district courts are without authority to excuse a plaintiff's failure to exhaust all available administrative remedies. Ross v. Blake, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016).

Because Plaintiff's intended claims challenge aspects of the conditions under which he was confined at the time he filed suit – including his medical care during his incarceration and the refusal of the BOP to release or transfer him, his suit is

6

subject to this exhaustion requirement. See Booth v. Churner, 206 F.3d 289, 298 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001); see also Porter v. Nussle, 534 U.S. 516, 532 (2002) (the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). As Plaintiff readily admits that he has available administrative remedies which he has not yet fully exhausted (see ECF No. 1 at 6, 9), his current complaint must be dismissed without prejudice until such time Plaintiff has exhausted his complaint. See, e.g., Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir 2001); see also Oriakhi v. United States, 165 F. App'x 991, 993-94 (3d Cir. 2006) (finding a "unanimous circuit court consensus that a prisoner may not fulfill the . . . exhaustion requirement by exhausting remedies after the filing of the complaint in federal court" and in turn holding that a complaint which on its face admits to failure to exhaust prior to filing must be dismissed). Plaintiff is free to file a new complaint once he has completed the exhaustion process. Because this Court is required by § 1997e to dismiss Plaintiff's complaint for failure to exhaust, Plaintiff's motion seeking a preliminary injunction must be denied without prejudice as Plaintiff has not shown a strong likelihood of success on the merits of his claims in light of the fact that he cannot recover in this Court on his

unexhausted complaint. See, e.g., Ward v. Aviles, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012) (a plaintiff seeking a TRO or preliminary in junction must show a strong likelihood of success on the merits).

**IV. CONCLUSION**

For the reasons set forth above, this Court will dismiss Plaintiff's complaint (ECF No. 1) without prejudice for failure to exhaust administrative remedies prior to filing suit and will deny Plaintiff's request for a preliminary injunction (ECF No. 1) without prejudice as a result. An appropriate order follows.


Date: May 10, 2019          s/ Noel L. Hillman
At Camden, New Jersey    Hon. Noel L. Hillman
                                   United States District Judge